IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TRUSTCO BANK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 12-613-SLR |
| | ) |
| AUTOMATED TRANSACTIONS LLC, | ) |
| | ) |
| Defendant. | ) |

Thomas C. Grimm, Esquire, Stephen Kraftschik, Esquire of Morris, Nichols, Arsht & Tunnell LLP, Wilmington, Delaware. Counsel for Plaintiff. Of Counsel: John T. Gabrielides, Esquire, and Rodney A. Daniel, Esquire of Brinks Hofer Gilson & Lione.

Kelly E. Farnan, Esquire, and Jaclyn C. Levy, Esquire of Richards, Layton & Finger, P.A., Wilmington, Delaware. Counsel for Defendant. Of Counsel: Albert L. Jacobs, Jr., Esquire, Gerard F. Diebner, Esquire, and, John Murray, Esquire, of Tannenbaum Helpern Syracuse & Hirschtritt LLP.

**MEMORANDUM OPINION**

Dated: March 27, 2013
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

On May 17, 2012, plaintiff Trustco Bank ("Trustco") filed this action against

defendant Automated Transactions, LLC ("ATL") seeking declaratory judgments of non-

infringement and invalidity of ATL's U.S. Patent Nos. 6,945,457 ("the '457 patent");

7,571,850; 7,591,420; 7,575,158; 7,600,677; 7,699,220; 7,597,248; 7,597,251;

7,617,973; 7,621,444; 7,793,830; 7,802,718; and 7,837,101 ("the patents-in-suit").

Pending before the court is ATL's motion to dismiss or, in the alternative, to transfer

venue to the Northern District of New York (D.I. 6), and Trustco's motion to enjoin the

second-filed New York litigation (D.I. 8). The court has jurisdiction over this matter

pursuant to 28 U.S.C. §§ 1331, 1338(a). For the reasons that follow, ATL's motion to

dismiss or, in the alternative, to transfer is denied, and Trustco's motion to enjoin is

granted.

## II. BACKGROUND

### A. Parties

Trustco is a New York corporation with a principal place of business in

Schenectady, New York. (D.I. 1 at ¶ 1) It provides banking services through its office

facilities and automated teller machines ("ATMs"). (D.I. 12 at 2)

ATL is a limited liability company incorporated in Delaware, with a principal place

of business in Wilmington, Delaware. (D.I. 1 at ¶ 1) ATL is a non-practicing entity,

acting as exclusive licensee for patents "with the right to sue for past and future

infringement." (D.I. 9 at 2 & ex. C at ¶¶ 1, 7)

### B. Factual Background

On February 24, 2012, ATL notified Trustco that it was the exclusive licensee of the patents-in-suit relating to ATMs and asserted that Trustco was infringing the patents-in-suit. ATL offered Trustco a sub-license before bringing a suit for patent infringement. (D.I. 1 at ¶ 8-9; D.I. 10 at 2)  The parties entered into negotiations, but ultimately were not able to reach agreement. (D.I. 10 at 2-3; D.I. 12 at 6-7)  On May 17, 2012, at 2:59 pm, after advising ATL that it would not settle, Trustco filed the instant lawsuit ("Delaware declaratory action") as to the thirteen patents-in-suit detailed above. (D.I. 1; D.I. 9 at ex. A)  Later the same day, at 6:06 pm, ATL filed a patent infringement action, alleging infringement of twelve of the thirteen patents-in-suit (the '457 patent was not included) against Trustco in the Northern District of New York ("New York patent action").  (D.I. 9 at ex. B)

## C. Litigation History

In 2006 and 2010, ATL filed patent infringement actions in the District of Delaware alleging infringement of seven of its patents.[1] *Automated Transactions, LLC v. IYG Holding Co.*, Civ No. 06-043 ("*IYG Holding*") and Civ. No. 10-691.  On March 9, 2011, the court found that claim 1 of the '457 patent and the asserted dependant claims were invalid. *Automated Transactions, LLC v. IYG Holding Co.*, 768 F. Supp.2d 727 (D. Del. 2011), *aff'd*, 484 Fed. Appx. 469, 2012 WL 1392647 (Fed. Cir. 2012), *cert. denied*, 133 S.Ct. 955 (2013).  Most recently, *Automated Transactions LLC v. Cumberland*

---

[1]The seven patents-in-suit in *Automated Transactions, LLC v. IYG Holding Co.*, Civ Nos. 06-043 and 10-691, are at issue in the instant case. The remaining six patents-in-suit in the instant case are all children patents to the '457 patent. (D.I. 9 at 6) ATL contends that only five of the patents overlap. (D.I. 10 at 6) This is a distinction without a difference for the present discussion.

*Farms, Inc.*, Civ. No. 13-134, was transferred to the District of Delaware from the Eastern District of New York; the case involves the same thirteen patents-in-suit in the Delaware declaratory action.

In addition to the New York patent action, ATL has another patent infringement case currently pending in the Northern District of New York, filed April 20, 2012. (D.I. 10 at 7, citing *Automated Transactions, LLC v. Stewart's Shops Corp.*, Civ. No. 12-667 (N.D.N.Y.)) Defendant, Stewart's Shops Corp., along with four other defendants being sued by ATL over this family of patents, have moved to have their cases consolidated and transferred to the District of Delaware. *Automated Transactions, LLC v. Stewart's Shops Corp.*, Civ No. 12-667, D.I. 23 (N.D.N.Y. December 19, 2012).[2]

## III. STANDARD OF REVIEW

The Federal Circuit prefers "to apply in patent cases the general rule whereby the forum of the first-filed case is favored, unless considerations of judicial and litigant economy and the just and effective disposition of disputes, require otherwise." *Genentech, Inc. v. Eli Lilly and Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993), *rev'd on other grounds, Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995). If applied, the rule counsels that a later-filed action involving the same controversy should be dismissed, transferred

---

[2]Defendants requesting consolidation and transfer from the Judicial Panel on Multidistrict Litigation include: Northfield Savings Bank, *Automated Transactions, LLC v. Northfield Savings Bank.*, Civ. No. 12-210 (D. Vt.); Mascoma Savings Bank, *Automated Transactions, LLC v. Mascoma Savings Bank*, Civ. No. 12-355 (D.N.H.); Southbridge Savings Bank and Green Valley Bancorp, MHC, *Automated Transactions, LLC v. Southbridge Savings Bank*, Civ. No. 12-12194 (D. Mass.). The court notes that the Judicial Panel on Multidistrict Litigation heard arguments in these cases and several others on March 21, 2013. *See In re: Automated Transactions, LLC Patent Litigation*, MDL No. 2429.

or stayed in favor of the first-filed action. *See id.* at 938; *accord E.E.O.C. v. Univ. of Pa.*, 850 F.2d 969, 976–79 (3d Cir. 1988) ("[c]ourts must be presented with exceptional circumstances before exercising their discretion to depart from the first-filed rule"). "The first-filed rule encourages sound judicial administration and promotes comity among federal courts of equal rank. It gives a court 'the power' to enjoin the subsequent prosecution of proceedings involving the same parties and the same issues already before another district court." *E.E.O.C. v. Univ. of Pa.*, 850 F.2d at 971. Factors that have been regarded as proper bases for departing from the first-to-file rule include bad faith, forum shopping, when the second-filed action has "developed further than the initial suit," and "when the first-filing party instituted suit in one forum in anticipation of the opposing party's imminent suit in another, less favorable, forum." *Id.* (citations omitted).

Section 1404(a) of Title 28 of the United States Code grants district courts the authority to transfer venue "[f]or the convenience of parties and witnesses, in the interests of justice . . . to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Much has been written about the legal standard for motions to transfer under 28 U.S.C. § 1404(a). *See, e.g., In re Link_A_Media Devices Corp.*, 662 F.3d 1221 (Fed. Cir. 2011); *Jumara v. State Farm Ins. Co.*, 55 F.3d 873 (3d Cir. 1995); *Helicos Biosciences Corp. v. Illumina, Inc.*, 858 F. Supp. 2d 367 (D. Del. 2012).

Referring specifically to the analytical framework described in *Helicos*, the court starts with the premise that a defendant's state of incorporation has always been "a

4

predictable, legitimate venue for bringing suit" and that "a plaintiff, as the injured party,

generally ha[s] been 'accorded [the] privilege of bringing an action where he chooses.'"

858 F. Supp. 2d at 371 (quoting *Norwood v. Kirkpatrick*, 349 U.S. 29, 31 (1955)).

Indeed, the Third Circuit in *Jumara* reminds the reader that "[t]he burden of establishing

the need for transfer . . . rests with the movant" and that, "in ruling on defendants'

motion, the plaintiff's choice of venue should not be lightly disturbed." 55 F.3d at 879

(citation omitted).

The Third Circuit goes on to recognize that,

> [i]n ruling on § 1404(a) motions, courts have not limited their
> consideration to the three enumerated factors in § 1404(a)
> (convenience of parties, convenience of witnesses, or interests
> of justice), and, indeed, commentators have called on the courts
> to "consider all relevant factors to determine whether on
> balance the litigation would more conveniently proceed and the
> interests of justice be better served by transfer to a different
> forum."

*Id.* (citation omitted). The Court then describes some of the "many variants of the

private and public interests protected by the language of § 1404(a)." *Id.*

> The private interests have included: plaintiff's forum of preference
> as manifested in the original choice; the defendant's preference;
> whether the claim arose elsewhere; the convenience of the parties
> as indicated by their relative physical and financial condition; the
> convenience of the witnesses - **but only to the extent that the
> witnesses may actually be unavailable for trial in one of the
> fora**; and the location of books and records (**similarly limited to
> the extent that the files could not be produced in the alternative
> forum**).
>
> The public interests have included: the enforceability of the
> judgment; practical considerations that could make the trial
> easy, expeditious, or inexpensive; the relative administrative
> difficulty in the two fora resulting from court congestion; the
> local interest in deciding local controversies at home; the

> public policies of the fora; and the familiarity of the trial judge
> with the applicable state law in diversity cases.

*Id.* (citations omitted) (emphasis added).

## IV. ANALYSIS

ATL provides several overlapping reasons for dismissing or transferring the
Delaware declaratory action. (D.I. 6) These must be considered against favoring the
forum of the first-filed case and plaintiff's privilege of choosing a proper forum. ATL
does not dispute that Trustco's Delaware declaratory action is first-filed. The crux of
ATL's bad faith argument is that Trustco purposely delayed its negotiations, from at
least May 9, 2012 until May 17, 2012, to allow it time to prepare and file the instant
declaratory action. (D.I. 6 at 4) Trustco responds that it negotiated in good faith from
receipt of the February 24, 2012 cease and desist letter, but ultimately terminated
settlement discussions on May 17, 2012 and filed the Delaware declaratory action.
(D.I. 12 at 4-5) Trustco asserts (and ATL does not dispute) that ATL threatened to sue
Trustco on several occasions during the parties' negotiations. (D.I. 12 at 4-5; D.I. 16 at
5)

The court recognizes that Trustco was negotiating with the knowledge that it
might be sued for patent infringement if a settlement was not reached. As ATL was
negotiating, it was also preparing its New York action complaint against Trustco. (*See*
D.I. 12 at ex. C) In light of the invalidity ruling on the '457 patent in *IYG Holding* and
ATL's repeated threats of patent infringement, ATL cannot claim that the Delaware
declaratory action is unreasonable. The fact that Trustco knew of ATL's intention to
sue is inapposite, as this knowledge without more does not evidence bad faith.

*Datex-Ohmeda, Inc. v. Hill-Rom Serv., Inc.*, 185 F. Supp. 2d 407, 412 (D. Del. 2002)
(finding that notice of intent to file a patent infringement action is not persuasive, as the
"act of filing, not the intent to file," controls the first-filed decision, absent evidence of
bad faith or forum shopping).  Preparations for litigation during negotiations are
commonplace and the court concludes that there is no evidence of bad faith.

ATL makes much of the considerations of convenience, stressing that Trustco is
a New York company, making New York the appropriate forum for any action. (D.I. 16
at 6)  Although Trustco, as a declaratory judgment plaintiff, may not claim to be an
injured party in the same sense as a patentee plaintiff can, Trusco has nevertheless
advanced credible reasons for its choice of forum, including the fact that ATL is a
Delaware corporation which has chosen the District of Delaware for past litigation.  (D.I.
12 at 10-12; D.I. 14 at 2)  ATL cannot reasonably accuse Trustco of forum shopping
through its choice to file in Delaware, when ATL is doing the same thing through its
motion to transfer. *Cellectis S.A. v. Precision Biosciences, Inc.*, Civ. No. 11-173-SLR,
2012 WL1556489, at *9 (D. Del. May 3, 2012) ("[T]he court declines to characterize a
[plaintiff's] choice of venue as 'forum shopping' when, by moving to transfer venue, a
defendant is doing the same thing — choosing a venue that it believes to be more
favorable to its claims for whatever reason.").

On the issue of judicial economy, Trustco asserts that the District of Delaware is
familiar with the patents-at-issue, has construed claim terms and ruled on summary
judgment motions.  (D.I. 9 at 5-6, 8-9)  The '457 patent is the parent to all of the other
asserted patents-in-suit in the instant declaratory suit.  The patents share the same
specification and concern the same technology.  (D.I. 9 at 9)  In response, ATL asserts

7

that the court in *IYG Holding* only considered the claims of the '457 patent in detail and the District of Delaware has no experience with the remainder of the patents, nor the ATMs used by Trustco. (D.I. 10 at 6-7)  ATL also argues that not all the patents-in-suit are currently in this forum; however, Civ. No. 13-134, recently transferred from the Eastern District of New York which involves all of the patents-in-suit, obviates this argument.

ATL argues that the New York patent action is one of two cases in the Northern District of New York and "judicial economy is best served by having one court consider two similar lawsuits asserting the same patents." (D.I. 10 at 8)  These arguments are not compelling, as the New York patent action was stayed pending determination of this motion and ATL's other pending case is subject to a motion to transfer to this venue. *Automated Transactions, LLC v. Stewart's Shops Corp.*, Civ No. 12-667, D.I. 19, (N.D.N.Y. June 7, 2012); *Automated Transactions, LLC v. Stewart's Shops Corp.*, Civ No. 12-667, D.I. 23 (N.D.N.Y. December 19, 2012).  Further, ATL, a Delaware corporation, has willingly availed itself of this venue before.  *Automated Transactions, LLC v. IYG Holding Co.*, Civ No. 06-043 ("*IYG Holding*") and Civ. No. 10-691.  None of ATL's arguments give rise to circumstances necessitating the dismissal of this action in favor of the New York patent action.

Turning to the discretionary issue of transfer, Trustco does not challenge that it could have brought the instant law suit in the Northern District of New York and, therefore, that requirement shall not be addressed further.  *See* 28 U.S.C. § 1404(a). The court now considers the *Jumera* factors, with the limited information provided by

8

the parties. As noted above, a party's state of incorporation is a traditional and legitimate venue. Moreover, Trustco cites to the District of Delaware's history with the family of patents-in-suit to support its arguments for judicial economy. (D.I. 14 at 2) To support its choice of forum, ATL argues primarily that judicial economy and convenience favor the Northern District of New York. Here, the parties' choice of forum is neutral.

A claim for patent infringement arises wherever someone has committed acts of infringement, to wit, "makes, uses, offers to sell, or sells any patented invention" without authority. *See generally* 35 U.S.C. § 271(a); *Red Wing Shoe Co., Inc. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1360 (Fed. Cir. 1998) (an infringement claim "arises out of instances of making, using, or selling the patented invention."). While it does not appear that Trustco operates branches or ATMs in Delaware, it allows its customers to access certain ATMs without charge in Delaware. This factor is neutral.

The Third Circuit in *Jumara* indicated that, in evaluating the convenience of the parties, a district court should focus on the parties' relative physical and financial condition. In this case, there is no information provided for this factor. Trustco is a New York based bank and ATL is a Delaware corporation, not an operating company. Without further information, this factor is neutral.

Considering whether witnesses "actually may be unavailable for trial in one of the fora" is a determinative factor in the transfer analysis. *Jumara*, 55 F.3d at 879. Also determinative is the location of books and records if "the files c[an] not be produced in the alternative forum." *Id.* ATL argues generally that Trustco's witnesses, books and

9

records are in New York. (D.I. 16 at 6)  Trustco does not advance any evidence that allows this court to conclude that its witnesses would not be available for trial in Delaware. (D.I. 12)  Indeed, Trustco's choice of preferred forum suggests the opposite conclusion. In this age of online banking and ATM usage, any necessary books and records would surely be available in electronic format for review and use at any location. Given that ATL advances no concrete inconvenience argument, both of these factors weigh against transfer.

As it is a Delaware corporation, litigation in Delaware should actually be easier and less expensive for ATL. Together with the fact that the District of Delaware has experience with this family of patents, the practical considerations that could make the trial easy, expeditious or inexpensive, also weigh against transfer. Given that trial in this case will be scheduled consistent with the parties' proposals, the relative administrative difficulty factor is neutral. Next, local interest in deciding local controversies is also a neutral factor, as patent litigation does not constitute a local controversy in most cases. Patent cases implicate constitutionally protected property rights. The resolution of patent cases is governed by federal law reviewed by a court of appeals of national (as opposed to regional) stature. Moreover, to characterize patent litigation as "local" undermines the appearance of neutrality that federal courts were established to provide and flies in the face of the national (if not global) markets that are affected by the outcome of these cases. Finally, the remaining *Jumara* public interest factors - the enforceability of a judgment, the public policies of the fora, and the familiarity of the judge with state law - are neutral.

10

## V. CONCLUSION

ATL has the burden of overcoming the first-filed rule and also has the burden of persuading the court, by a preponderance of the evidence, that the *Jumara* factors warrant transfer. It has not done so, therefore, its motion to dismiss, or in the alternative, to transfer is denied. Trustco's motion to enjoin the patent action, currently pending in the Northern District of New York, is granted. An appropriate order shall issue.

11